LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
  E-Mail: turner@lbbslaw.com
LARISSA G. NEFULDA, SB# 201903
  E-Mail: lnefulda@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant LAW OFFICE
OF WELTMAN, WEINBERG & REIS
CO., L.P.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EMAN ELIMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>LAW OFFICE OF WELTMAN, WEINBERG & REIS CO., L.P.A. AND, DOES 1-20, INCLUSIVE,<br><br>        Defendant. | CASE NO. 2:12-cv-01599-RSWL-FMO<br><br>**ANSWER TO COMPLAINT**<br><br>Trial Date:    None Set |

Defendant LAW OFFICE OF WELTMAN, WEINBERG & REIS CO., L.P.A. ("Defendant"), for itself and for no other defendant, answers Plaintiff EMAN ELIMAN's ("Plaintiff") Complaint as follows:

1.   Answering Paragraph 1 of the Complaint, the paragraph states a legal conclusion to which Defendant is not required to respond.

2.   Answering Paragraph 2 of the Complaint, Defendant admits that it attempted to collect a debt from Plaintiff. Defendant denies the remaining allegations contained therein.

3.   Answering Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

4819-9768-1422.1

ANSWER TO COMPLAINT

4. Answering Paragraph 4 of the Complaint, Defendant admits that this Court has proper jurisdiction.

5. Answering Paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendant admits that this Court has proper jurisdiction.

7. Answering Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

8. Answering Paragraph 8 of the Complaint, Defendant admits that venue is proper.

9. Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it is a company that operates in Ohio.

11. Answering Paragraph 11 of the Complaint, Defendant admits that it is a debt collector as defined in Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

12. Answering Paragraph 12 of the Complaint, Defendant admits that it attempted to collect a debt from Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

13. Answering Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

///

///

14. Answering Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

15. Answering Paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

16. Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether the debts it attempted to collect from Plaintiff were consumer debts. Defendant admits the remaining allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant admits the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant admits the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits that it sent a letter to Plaintiff regarding a Chase Bank (USA) N.A. debt on November 9, 2010. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff received a letter from Defendant on November 9, 2010.

21. Answering Paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

22. Answering Paragraph 22 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

///

23. Answering Paragraph 23 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

24. Answering Paragraph 24 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

25. Answering Paragraph 25 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

26. Answering Paragraph 26 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

27. Answering Paragraph 27 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. or 15 U.S.C. § 1692, et seq. during its attempts to collect a debt from Plaintiff.

28. Answering Paragraph 28 of the Complaint, Defendant incorporates all of the above paragraphs as though fully set forth herein.

29. Answering Paragraph 29 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq.

30. Answering Paragraph 30 of the Complaint, Defendant denies that it violated any provision of Civil Code § 1788, et seq. and denies that Plaintiff is entitled to any damages.

31. Answering Paragraph 31 of the Complaint, Defendant incorporates all of the above paragraphs as though fully set forth herein.

32. Answering Paragraph 32 of the Complaint, Defendant denies that it violated any provision of 15 U.S.C. § 1692, et seq.

/ / /

/ / /

33. Answering Paragraph 33 of the Complaint, Defendant denies that it violated any provision of 15 U.S.C. § 1692, et seq. and denies that Plaintiff is entitled to any damages.

34. Answering Paragraph 34 of the Complaint, Defendant incorporates all of the above paragraphs as though fully set forth herein.

35. Answering Paragraph 35 of the Complaint, Defendant admits that Defendant received a letter dated November 21, 2010 from Plaintiff relating to an account he had with Discover. Defendant denies that it made any misrepresentations to Plaintiff at any time.

36. Answering Paragraph 36 of the Complaint, Defendant denies that it made any misrepresentations to Plaintiff at any time. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, Defendant denies same.

37. Answering Paragraph 37 of the Complaint, Defendant denies that it made any misrepresentations to Plaintiff at any time.

38. Answering Paragraph 38 of the Complaint, Defendant denies that it made any misrepresentations to Plaintiff at any time.

39. Answering Paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations contained therein and denies that Plaintiff is entitled to any damages.

**Prayer for Relief**

Defendant denies that Plaintiff is entitled to the requested relief or any other relief.

///

///

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendants were proper and did not violate any provisions of any Federal or State statute.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that it at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA or CA FDCPA.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of Cal. Civ. Code § 1788, et seq.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that their actions were privileged pursuant to Federal and State Common Law.

///
///

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.  Although Defendant denies that it has committed or has responsibility for any act that would support the recovery of punitive damages in this action, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution including, without limitation, the Excess Fines clause of the Eighth Amendment, the Due Process clause of the Fifth Amendment, and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the Excessive Finds clause of Section 17, Article 1, the Due Process clause of Section 7 of Article I, and other provisions of the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.  Defendant has exercised due diligence and relied in good faith on the representations of others, and was not aware of, or had no way of becoming aware of, any alleged wrongdoing or omissions allegedly made or not disclosed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.  Defendant is informed and believes, and thereon alleges, that its actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.  This answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet, unstated separate defenses available.  This answering Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

WHEREFORE, this answering Defendant prays:

1.  For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

///

2. That this answering Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

DATED: March 2, 2012                 LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    /s/ Larissa G. Nefulda
Larissa G. Nefulda
Attorneys for Defendant LAW OFFICE OF WELTMAN, WEINBERG & REIS CO., L.P.A.